**Jin Chai ZHOU, Petitioners,**

v.

**Alberto R. GONZALES,[1] Respondent.**

No. 04–2480–AG.

United States Court of Appeals,
Second Circuit.

Dec. 7, 2005.

Thomas V. Massucci, New York, New York, for Petitioner.

Daniel G. Bogden, United States Attorney for the District of Nevada, Crane M. Pomerantz, Assistant United States Attorney, Las Vegas, Nevada, for Respondent.

PRESENT: RAGGI, WESLEY, and HALL, Circuit Judges.

## SUMMARY ORDER

Jin Chai Zhou, through counsel, petitions for review of the BIA decision denying her claims for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). We assume the parties' familiarity with the underlying facts and procedural history.

Zhou does not challenge the denial of her CAT claim here, and that claim is waived. *See Yueqing Zhang v. Gonzales,*

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

426 F.3d 540 n. 1 (2d Cir.2005). Zhou only challenges the BIA's finding that she did not prove a well-founded fear of persecution; she does not challenge the finding that she did not suffer any past persecution.

Where, as here, the BIA's opinion indicates that it decided the case on the assumption that the petitioner was credible, this Court reviews the decision of the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir.2005). The BIA decided Zhou's claim on the assumption that she was credible and determined that she failed to meet her burden of proof. The BIA's factual findings are reviewed under the substantial evidence standard and can only be overturned if any reasonable adjudicator would be compelled to conclude to the contrary. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 (2d Cir.2004). This Court will vacate findings that are based on flawed reasoning, misunderstanding of evidence, or erroneous legal standards. *See, e.g., Secaida–Rosales v. INS*, 331 F.3d 297, 307, 312 (2d Cir.2003).

In order to establish a well-founded fear of persecution, Zhou must have demonstrated that she had a subjective fear of persecution and that fear was objectively reasonable. *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir.2004). The BIA determined that Zhou did not meet this standard, and this determination is supported by substantial evidence in the record. Specifically, Zhou failed to establish that her fear is objectively reasonable.

Zhou essentially argued that the Chinese government would persecute her if she returned to China because her parents practice Falun Gong. However, Zhou has not shown that the government has imputed her parents' Falun Gong practice onto her or a reasonable likelihood that it would

do so. She said the government officials told her they would put her in jail in place of her parents, but the officials were threatening Zhou to secure information from her; they were not threatening her because they thought she practiced Falun Gong. Zhou presented no other evidence indicating that the government thought she practiced Falun Gong or that the government wanted to harm her simply because her parents practiced. Accordingly, the BIA's finding that Zhou failed to prove a well-founded fear of persecution was supported by substantial evidence.

Because Zhou failed to meet her burden of proof for her asylum claim, the BIA's order denying her withholding of removal claim should also be affirmed.

Accordingly, the petition for review is DENIED. Having completed our review, the stay of removal previously granted in this petition is VACATED.